### In re MYERS et al.

(Circuit Court, N. D. New York. July 1, 1895.)

CUSTOMS DUTIES—ACT OF AUGUST 27, 1894—CEDAR.

Lumber manufactured from the tree botanically known as "thuja gigantea." and commonly called "red cedar," or "canoe cedar," is not within the exception of "cedar * * * and all other cabinet woods," in paragraph 676 of the tariff act of August 27, 1894, but is entitled to free entry under that paragraph.

This is an appeal by the importers from a decision of the board of United States general appraisers overruling a protest against the decision of the collector at Plattsburgh, N. Y., subjecting to duty certain importations of lumber popularly known as "red cedar."

Stephen G. Clarke, for importers.

W. F. Mackey, Asst. U. S. Atty., for collector.

COXE, District Judge. The collector classified the merchandise in question under paragraph 181 of the act of August 27, 1894, which is as follows:

"House or cabinet furniture, of wood, wholly or partly finished, manufactures of wood, or of which wood is the component material of chief value, not specially provided for in this act, twenty-five per centum ad valorem."

The importers protested, insisting that it should have been admitted free of duty under paragraph 676 of the same act, which is as follows:

"Sawed boards, plank, deals, and other lumber, rough or dressed, except boards, plank, deals and other lumber of cedar, lignum vitae, lancewood, ebony, box, granadilla, mahogany, rosewood, satinwood, and all other cabinet woods."

The board found that the imported lumber is from the wood of a tree known botanically as "thuja gigantea." and that it is popularly known as "red cedar," or "canoe cedar." It is soft, light and but slightly fragrant. It does not take a polish. It is not of the class of woods known as cabinet woods. The other woods mentioned in the exception are hard, expensive cabinet woods used in fine finishing work. If the exception to paragraph 676 refers to cabinet woods and only to cabinet woods it is manifest that the importation, not being a cabinet wood, is not within the exception. The board were inclined to sustain the protest upon this ground, but reached a different conclusion after construing the paragraph in the light of paragraph 219 of the act of October 1, 1890, the argument being that because in the prior act the word "cedar" included rough lumber such as railroad ties and telegraph poles, a similar meaning must be given to the paragraph in hand, and that it cannot be restricted to that species of cedar used as a cabinet wood. The clause in question is certainly ambiguous, and although much may be said in favor of the view taken by the board it is thought that the construction contended for by the importer is supported by more cogent and consistent reasoning. In arriving at the legislative intent it is not altogether safe to rely for guidance upon the act of 1890, it being common knowledge that its object was very different from that of the present act. An examination of the former act will show that practically the entire wood schedule has been transferred to the free list in the present act. It seems clear that it was the intent of congress to exempt from duty all the cheaper grades of woods, when rough, unmanufactured, or partially manufactured, and to levy duty only upon the boards, etc., of the finer and more expensive woods used in cabinet work. This was the broad scheme of the act of 1894. The construction of the board ignores this intent and levies a higher duty upon cedar boards than the act of 1890 and this, too, when similar boards of spruce and pine, used for the same purpose, are admitted duty free. It discriminates against the boards of one particular softwood tree without the suggestion of a motive for such legislation. When boards used for sidings, etc., are free, what possible reason could congress have had in singling out and laying duty upon these boards when sawed from one particular variety of tree? It is as difficult to find a plausible motive, as if congress had discriminated against the boards cut from coniferous trees. Again, two pieces of wood are cut from the same tree; the one pays 25 per cent. duty, the other enters free; one—a shingle—is used to protect the roof, the other the side of a dwelling house. The construction of the importers makes such a result impossible, gives force to every part of the paragraph and is in harmony with the general purpose of the law. It is proved without dispute that all the other varieties mentioned

in the exception are cabinet woods—the products of foreign countries—and the board finds that the cedar known as "cedrela odorato," which is imported from the tropics, is a cabinet wood of the mahogany group and is capable of taking a high polish. It is a very significant fact that this cedrela, besides being a cabinet wood, is the only wood in the United States which is known as "cedar" pure and simple. All the other varieties have some qualifying term placed before them, such as white-cedar, Spanish-cedar, red-cedar, etc. Finding "cedar" thus associated with eight well-known cabinet woods the rule of ejusdem generis requires that the word should be construed as applying to that variety of cedar which is a cabinet wood. So construed the exception applies to hard, expensive, foreign cabinet woods and to these alone. That this is the true reading of the paragraph is made still more apparent by the use of the word "other." When the lawmakers at the end of the paragraph refer to "all other cabinet woods" is it not clear that they supposed all the preceding varieties were cabinet woods and that they did not intend to include in this enumeration a wood that is no more a cabinet wood than is white pine or hemlock? Again, it is apparent from the act (paragraph 683) and similar provisions in the Canadian act of the same year (section 13, paragraph 739 of customs tariff, Canada) as well as from contemporaneous history, that the legislation of 1894 on this subject was entered into on both sides in a spirit of reciprocity. Neither country was to impose duty upon the coarser woods imported from the other. The construction of the board is at variance with this obvious intention. The importers' contention is further strengthened by the construction placed upon a similar provision in the act of 1883 by the treasury department. It was held "that the provision for wood, namely, 'cedar, lignum vitae, lancewood, ebony, box, granadilla, mahogany, rosewood, satin-wood, and all cabinet woods, unmanufactured,' is construed as exempting from duty only such cedar as is fitted or intended for use as cabinet wood." It will be noted that the paragraph quoted is not so explicit as the paragraph in controversy, in that it omits the word "other." It was said at the argument that this construction of the treasury was acted upon for many years. In conclusion it is thought that the decision of the board is based upon a strict construction which leaves out of view the true intent and purpose of the law. To say the least, the construction which makes the word "cedar" include all the varieties of soft, coarse wood known by that name is a doubtful one. In such cases the doubt should be resolved in favor of the importer "as duties are never imposed on the citizen upon vague or doubtful interpretations." Hartranft v. Wiegmann, 121 U. S. 609, 616, 7 Sup. Ct. 1240. The construction asked for by the importers makes the paragraph consistent in all its parts, is in harmony with the general purpose of the act and with the principles of international fair dealing. The decision of the board is reversed.